```
                    UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NORTH CAROLINA
                          SOUTHERN DIVISION

                       NO: 7:12-CR-37-FA-9
                          7:19-CV-128-FA
```

ESTEBAN RODRIGUEZ-JASSO,

    Movant,

v.　　　　　　　　　　　　　　MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA,

    Respondent.

Pending before the court is Esteban Rodriguez-Jasso's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See ECF No. 934. The government has filed a motion to dismiss and a memorandum in support of that motion. See ECF Nos. 1068 and 1069. Rodriguez-Jasso filed a response, opposing the motion to dismiss. See ECF No. 1197.

On March 26, 2014, a federal grand jury sitting in the Eastern District of North Carolina returned a Third Superseding Indictment charging Rodriguez-Jasso and various co-conspirators with multiple counts. See ECF No. 347. Rodriguez-Jasso was charged with conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c), (Count One); kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), (Count Two); kidnapping, in violation of 18 U.S.C. § 1201(a), (Count Three); aiding and abetting the carrying and discharge of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§

924(c)(1)(A)(iii), 924(c)(1)(B)(i), 924(j)(1), and 2, (Count Four); and use of interstate commerce facilities in the commission of murder for hire, in violation of 18 U.S.C. § 1958(a), (Count Five).

On June 22, 2016, pursuant to a written plea agreement, Rodriguez-Jasso pled guilty to a two-count information charging him with kidnapping and aiding and abetting same, in violation of 18 U.S.C. § 1201(a) and § 2 (Count One); and using, carrying, and discharging a short-barreled shotgun during and in relation to a crime of violence and aiding and abetting same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii), 924(c)(1)(B)(i), and 2 (Count Two). See ECF Nos. 799, 802, and 805. Pursuant to the terms of the plea agreement, the government would dismiss the counts in the third superseding indictment as to Rodriguez-Jasso. On November 15, 2016, Rodriguez-Jasso was sentenced to a total term of imprisonment 228 months, consisting of 108 months on Count One and 120 months on Count Two to run consecutively.

In his motion to vacate, Rodriguez-Jasso argues that his conviction on Count Two must be vacated because the underlying predicate offense of kidnapping is no longer a crime of violence. Rodriguez-Jasso is correct (and the government concedes) that kidnapping, in violation of 18 U.S.C. § 1201(a), does not qualify as a predicate crime of violence under 18 U.S.C. § 924(c). See United States v. Davis, 139 S. Ct. 2319, 2336 (2019); United

2

States v. Walker, 934 F.3d 375, 378-39 (4th Cir. 2019); see also Simpson v. United States, Criminal No. 3:16-cv-483-GCM, 2019 WL 4859068, at *2 (W.D.N.C. Oct. 1, 2019) (vacating § 924(c) conviction and sentence where underlying predicate offense was federal kidnapping); White v. United States, CIVIL CASE NO. 1:16-cv-00171-MR, 2019 WL 4254495, at *2-3 (W.D.N.C. Sept. 6, 2019) (same). The government argues, however, that Rodriguez-Jasso's motion to vacate should be dismissed because of the waiver in his plea agreement. The government also argues that Rodriguez-Jasso's claim is procedurally defaulted.

On direct appeal, the United States Court of Appeals for the Fourth Circuit vacated the § 924(c) conviction for one of Rodriguez-Jasso's codefendants who pled guilty to a § 924(c) offense. See United States v. Calderon, No. 15-4420, 774 F. App'x 805, 806 (4th Cir. Aug. 15, 2019) ("Calderon's conviction for use of a firearm in a crime of violence—conspiracy to commit Hobbs Act robbery—cannot stand. We therefore vacate his conviction for this offense, vacate the sentence, and remand for resentencing."). It is true the Fourth Circuit did not explicitly address the plea agreement waiver in that case. However, in another recent case, the Fourth Circuit declined to enforce an appellate waiver in a plea agreement under similar circumstances. See United States v. Sweeney, No. 15-4456, 833 F. App'x 395, 397 (4th Cir. Jan. 15, 2021) ("Because Sweeney's §

3

924(c) conviction is not supported by a valid predicate, he has made a showing of actual innocence. We therefore decline to enforce the waiver and deny the Government's motion to dismiss."). Likewise, in another case from this court, the court rejected the argument that the government makes herein and declined to enforce a collateral attack waiver holding that the petitioner's "challenge to her § 924(c) conviction [ ] falls outside the scope of the collateral attack waiver." McClarin v. United States, No. 5:11-CR-279-FL-2, 2021 WL 2019189, at *3 (E.D.N.C. May 20, 2021) (Flanagan, J.); see also Simmons, 2020 WL 587114, at *2 (government conceded as outside the scope of plea agreement waiver prisoner's habeas claim that § 924(c) conviction could not stand because predicate crime of violence was Hobbs Act conspiracy). Based upon the foregoing authorities, the court finds that Rodriguez-Jasso's motion is not subject to dismissal because of the plea agreement waiver.

As for the government's procedural default argument, the court finds that it also fails. In so concluding, the court relies on the following cases and the authorities cited therein. See McClarin, 2021 WL 2019189, at *3 (finding that petitioner had established cause and prejudice to excuse her procedural default and vacating conviction under § 924(c) where predicate offense was attempted Hobbs Act robbery); United States v. Jimenez-Segura, 476 F. Supp.3d 326, 334 (E.D. Va. 2020) (finding that

4

defendant met the cause-and-prejudice standard to excuse procedural default where underlying predicate for § 924(c) conviction was conspiracy to commit Hobbs Act robbery). In particular, the court's opinion in Jimenez-Segura is thoughtful and well-reasoned and the court follows it here.

The government conceded that Rodriguez-Jasso would be entitled to vacatur of his § 924(c) conviction if the court rejected its arguments on collateral attack waiver and procedural default. See ECF No. 1069 at 18 n.3. The court must now fashion an appropriate remedy. As our appeals court has explained:

> [A] district court's resolution of a prisoner's § 2255 petition proceeds in two steps. First, the district court must determine whether the prisoner's sentence is unlawful on one of the specified grounds. . . . If, by contrast, the court determines that the sentence is unlawful, the court "shall vacate and set . . . aside" the sentence. . . . If the district court determines that the prisoner's sentence is unlawful because of some legal defect in his conviction, the court may also vacate the prisoner's conviction. . . .
>
> Second, if the prisoner's sentence (and, depending on the scope of the prisoner's challenge, perhaps one or more of his convictions as well) is set aside, the district court "shall" grant the prisoner an "appropriate" remedy. 28 U.S.C.A. § 2255. While "[t]he § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy," United States v. Garcia, 956 F.3d 41, 45 (4th Cir. 1992), § 2255 lists the four remedies that are appropriate: (1) "discharge the prisoner," (2) "grant [the prisoner] a new trial," (3) "re-sentence [the prisoner]," or (4) "correct the [prisoner's] sentence." 28 U.S.C.A. § 2255. Accordingly, the end result of a successful § 2255 proceeding must be the vacatur of the
5

> prisoner's unlawful sentence (and perhaps one or more of his convictions) and one of the following: (1) the prisoner's release, (2) the grant of a future new trial to the prisoner, (3) or a new sentence, be it imposed by (a) a resentencing or (b) a corrected sentence.

United States v. Hadden, 475 F.3d 652, 661 (4th Cir. 2007) (footnotes omitted).

The government has asked that Rodriguez-Jasso be resentenced by the court under the sentencing package doctrine if his conviction and sentence on Count Two are vacated.

> The sentencing package doctrine acknowledges that "sentencing on multiple counts is an inherently interrelated, interconnected, and holistic process which requires a court to craft an overall sentence—the sentence package—that reflects the guidelines and the relevant § 3553(a) factors." United States v. Pearson, 940 F.3d 1210, 1215 n.10 (11th Cir. 2019) (internal quotations omitted). Thus, upon resentencing a defendant on the remaining convictions after the vacatur of one conviction, the district court may "reconfigure the sentencing plan to ensure that it remains adequate to satisfy the sentencing factors in 18 U.S.C. § 3553(a)." Greenlaw v. United States, 554 U.S. 237, 253, 128 S. Ct. 2559, 171 L. Ed.2d 399 (2008).

United States v. Tyler, No. 19-4908, 850 F. App'x 175, 177 (4th Cir. Mar. 23, 2021); see also Davis, 139 S. Ct. at 2336 ("[W]hen a defendant's 924(c) conviction is invalidated, court of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted.") (internal quotation marks omitted).

6

The court agrees with the government that resentencing is the appropriate remedy.

For all these reasons, the court **DENIES** the government's motion to dismiss; **GRANTS** Rodriguez-Jasso's Motion to Vacate as follows: 1) his conviction and sentence on Count Two, using, carrying, and discharging a short-barreled shotgun in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), are **VACATED**, and 2) a resentencing hearing on the remaining count will be scheduled forthwith; and **DISMISSES** this matter from the court's active docket.

The United States Probation Office is **DIRECTED** to prepare a modification to the presentence investigation report that addresses the recalculation of Rodriguez-Jasso's statutory and Guidelines sentencing ranges and any other information relevant to sentencing. The report should be provided to counsel and objections, if any, should be filed within 14 days of receipt of the report.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

7

that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to defendant, counsel of record, the Office of the Federal Public Defender, and the Probation Office of this court.

**IT IS SO ORDERED** this 29th day of March, 2023.

ENTER:

*/s/ Daniel A. Faber*
David A. Faber
Senior United States District Judge